# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**JOHN WENDEL,**

    Defendant.

Case No. 1:19-cr-132
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant John Wendel's Motion to Dismiss the Indictment. (Doc. 18). For the reasons discussed below, the Court **DENIES** Wendel's Motion. (Doc. 18).

On November 13, 2019, a federal Grand Jury in this district returned a one-count indictment that charged Wendel with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. (*See* Indictment, Doc. 3, #8). More specifically, the indictment charged that, on September 27, 2019, Wendel, a previously convicted felon, had knowingly possessed a 12-gauge Mossberg shotgun loaded with ammunition, which was in and affecting commerce. (*See id.*).

Wendel now moves to dismiss the indictment on the basis that it is legally insufficient. More specifically, Wendel argues that the language of 18 U.S.C. § 922(g)(1) that prohibits Wendel from possessing "in or affecting commerce" any firearm or ammunition, requires the Government to show more than the fact that the

12-gauge Mossberg shotgun or its shells were manufactured outside of Ohio (and thus necessarily traveled in interstate commerce to get into this state).

At the outset, Wendel clarifies that his motion does not challenge Congress's authority to legislate firearm control under the Commerce Clause, i.e., the constitutionality of § 922(g). As he acknowledges in his brief, federal courts "have repeatedly upheld Congress' authority in this regard." (Def.'s Mot. to Dismiss at 2, #37) (citing *United States v. Sawyers*, 409 F.3d 732 (6th Cir. 2005) (additional citations omitted)). Wendel also concedes that "courts have long **assumed** that the phrase 'in or affecting commerce' as used in relation to the possession offense in § 922(g) means that the firearm 'has been shipped or transported in interstate or foreign commerce.'" (Def.'s Mot. to Dismiss Indictment at 3, #38 (emphasis in original)). But he nevertheless argues that, because "[n]either the Sixth Circuit nor the Supreme Court … has directly addressed this question purely as a matter of statutory interpretation," the scope of § 922(g)'s "in or affecting commerce" requirement remains unresolved. (*Id.*).

The problem with Wendel's argument, though, is that it overlooks the fact that, when courts have previously addressed (and upheld) the constitutionality of § 922(g), they necessarily did so by comparing the statute's requirements to the scope of Congress' Commerce Clause power. That is, to answer the question—"is this statute outside the scope of Congress's Commerce Clause powers?"—a court must necessarily decide both (1) what the statute requires, and (2) what the Constitution allows. Otherwise the comparison is not possible.

Here, the Sixth Circuit has answered the former question by applying the Supreme Court's interpretation of the commerce element under 18 U.S.C. § 1202(a) to that same element of § 922(g)—a result that makes sense as § 1202(a) is the predecessor to § 922(g). *See United States v. Chesney*, 86 F.3d 564, 572 (6th Cir. 1996) ("The Supreme Court has held that proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving 'the commerce or affecting commerce' element of § 1202(a), the predecessor to § 922(g)(1).") (citing *Scarborough v. United States*, 431 U.S. 563, 566–67 (1977)). And while Wendel argues that no court has interpreted the interstate commerce element's language in the statute (as opposed to under the Constitution), the Sixth Circuit found that "*Scarborough* was decided as a matter of statutory construction … ." *Chesney*, 86 F.3d at 571. Thus, contrary to the foundation of Wendel's argument, by applying *Scarborough*'s interpretation of § 1202(a) to the same element in § 922(g), the Sixth Circuit resolved the statutory question Wendel seeks to pose, and this Court is bound to follow that precedent. *See United States v. McBee*, 295 F. App'x 796, 798 (6th Cir. 2008) (collecting cases affirming the constitutionality of the felon-in-possession statute and the continuing authority of *Scarborough*).

Accordingly, the Court **DENIES** Wendel's Motion to Dismiss the Indictment. (Doc. 18).

**SO ORDERED.**

February 20, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**